IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIG INSURANCE COMPANY,

    Plaintiff,

v.                                                         No. 04-2666 B

MERRYLAND CHILDCARE AND
DEVELOPMENT CENTER, INC., et al.,

    Defendants.

---

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS

---

This diversity action for declaratory judgment was brought by the Plaintiff, TIG Insurance Company ("TIG"), for a determination of its rights and obligations under an insurance policy issued to the Defendant, Merryland Kindergarten and Day Care Center, Inc. ("Merryland"), with respect to nine lawsuits and six claims filed against the insured, alleging the sexual abuse of minor children in the care of Merryland. Also named in the action are various employees of Merryland, the parents and/or guardians of the minor children and the provider of sexual abuse and molestation insurance to Merryland prior to inception of the TIG policy period.

Before the Court is the motion of Defendants, Tamika Berry, Audrey Gregory and Shelia Parker,[1] to dismiss the complaint filed by TIG for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Rule requires the Court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove

---

[1] Unless otherwise specified, the term "Defendants" herein refers exclusively to these three individuals.

no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998).

The Defendants have filed separate lawsuits against Merryland in state court in connection with the alleged abuse at the center. These cases are, according to the Defendants, "almost identical in theory and essentially identif[y] numerous acts of sexual abuse against children by the defendant Merryland Kindergarten, Inc. and its employees." They claim that their state cases, at the time the instant motion was filed, were pending and in the discovery stage. Therefore, the Defendants argue, the parallel state proceedings, which, they claim, are capable of fully adjudicating the parties' claims, favor dismissal of this declaratory judgment action. From the parties' submissions, it appears that TIG is not a party to the state actions but, as indicated above, was merely the issuer of a liability policy to Merryland containing coverage for sexual abuse and molestation. In its request for declaratory judgment, the Plaintiff seeks a ruling by the Court that there is no coverage under its policy for the state court actions against Merryland on the grounds that (1) the alleged acts occurred outside its policy period and (2) the policy excludes coverage for punitive damages and perpetrators found guilty of sexual abuse.

The Declaratory Judgment Act, codified at 28 U.S.C. § 2201 (the "Act"), provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Act has been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995) (citation omitted); see also

Bituminous Cas. Corp. v. J & L Lumber Co., Inc., 373 F.3d 807, 812-13 (6th Cir. 2004) (there is no per se rule against exercising jurisdiction in actions involving insurance coverage questions); Scottsdale Ins. Co. v. Roumph, 211 F.3d 964, 967 (6th Cir. 2000), reh'g and suggestion for reh'g en banc denied (July 7, 2000) (whether to permit a declaratory judgment action is within the discretion of the trial court). "By the [Act], Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Wilton, 515 U.S. at 288, 115 S.Ct. at 2143. "A district court must exercise its discretion in determining whether to accept jurisdiction over complaints seeking a declaratory judgment pursuant to the Act in insurance coverage cases where the same issues are also addressed in parallel state court litigation." Pronational Ins. Co. v. Ramos, No. 1:05 CV 1240, 2005 WL 1668513, at *1 (N.D. Ohio July 18, 2005) (citing Coregis Ins. Co. v. Frank, Seringer & Chaney, Inc., 993 F.Supp. 1092, 1094 (N.D. Ohio 1997)).

In determining whether such exercise is appropriate, the Sixth Circuit has instructed the district court to consider the following factors:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective.

Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 453 (6th Cir. 2003) (citation omitted). Questions as to the propriety of an exercise of jurisdiction should be made on a case-by-case basis. Employers' Fire Ins. Co. v. Danis Bldg. Constr. Co., No. 99-3987, 2000 WL 1234321, at *2 (6th Cir. Aug. 22, 2000).

3

With respect to the first and second factors, the Plaintiff maintains that the action in this Court would end the dispute between it and the Defendants, as it would settle the controversy as to the scope of coverage and determine whether TIG had a duty to defend Merryland in the state lawsuits. The Sixth Circuit's decision in Northland is instructive on this point. In that case, as here, an insurer filed a declaratory judgment action in federal court seeking a determination of whether it had a duty to defend or indemnify its insured in a state action to which the insurer was not a party. Id. at 451. The insured, Cailu Insurance Company, had been sued by Stewart Title Guaranty Company for breach of a title insurance underwriting agreement entered into between the two entities, as well as breach of fiduciary duty, embezzlement, defalcation, conversion and commingling of funds. Id. at 450-51. In concluding that the first and second factors favored the Plaintiff, the court found that "while the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of [the title agent, abstractor and escrow agent errors and omissions liability] insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds," noting that "[a] prompt declaration of policy coverage would surely 'serve a useful purpose in clarifying the legal relations at issue.'" Id. at 454. "Indeed, a declaratory judgment action is an appropriate avenue to determine whether an insurer has a duty to defend or indemnify an insured." NGK Metals Corp. v. National Union Fire Ins. Co., N. 1:04-CV-56, 2005 WL 1115925, at *2 (E.D. Tenn. Apr. 29, 2005) (citation omitted). The Northland court found the fact that the insurer was not a party to the state action and would not, therefore, be bound by the state court's determination significant, stating that Northland should not under such circumstances "be forced to wait for an answer until after the state action was completed." Northland Ins. Co., 327 F.3d at 453.

4

This Court too finds that the first two factors favor the insurer. While declaratory judgment would not settle the dispute between Merryland and the parents of the alleged victims of sexual abuse, it would determine the existence of coverage under the TIG policy for the wrongs claimed against its insured. See id. at 454; Chicago Ins. Co. v. DHS/Diversified Health Servs., Inc., No. 03-2337 MA/A, 2005 WL 1009553, at *3 (W.D. Tenn. Apr. 21, 2005) (finding that, based on Northland, first and second factors weighed in insurer's favor as, although federal action would not settle underlying state claims, "it would settle the controversy regarding the scope of insurance coverage" as to the state court parties); Clark Constr. Group, Inc. v. Eagle Amalgamated Serv., Inc., No. 01-2478 DB, 2005 WL 946911, at *3 (W.D. Tenn. Mar. 9, 2005) ("declaratory judgment would thus clarify the legal relations in issue by determining [the insurer's] responsibility for [the insured's] impending liability").

As for the third factor, there is no indication of a "race to res judicata" and, indeed, none has been alleged. The assaults at Merryland occurred from 2000 to 2003; the Defendants' state actions were filed in February 2004; and the instant case was initiated in late August of the same year. Thus, the Court gives TIG the "benefit of the doubt that no improper motive fueled the filing of this action." See Bituminous Cas. Corp., 373 F.3d at 814; see also Oppenheimer & Co., Inc. v. CNA Global Specialty Lines, No. 05-70345, 2005 WL 1768971, at *3 (E.D. Mich. July 25, 2005) (no appearance of "race" where plaintiff waited almost a year before filing declaratory judgment action, citing Bituminous Cas. Corp.).

In determining the fourth factor, the Court is to consider "1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and 3) whether there is a

5

close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action." Northland, 327 F.3d at 454 (citing Scottsdale). The fourth factor also supports denial of the Defendants' motion to dismiss. As referenced above, the declaratory judgment action is based on the Plaintiff's contentions that the Defendants' claims in the underlying suits fall under exclusions in the policy. The Court is aware of no factual issues raised in the state actions that are important to the resolution of the questions before the undersigned. Moreover, since the Court must apply in this diversity case the law of Tennessee, the same state in which the underlying state claims are to be judged, the Court sees no increased friction between this forum and the Tennessee state court or an improper encroachment on state jurisdiction. See Chicago Ins. Co., 2005 WL 1009553, at *3 ("because this court must apply the choice-of-law rules of Tennessee, the same state in which the underlying claims against [the insured] are pending, no state law or policy would be frustrated by this court's exercise of jurisdiction"). Finally, the Court is unconvinced there is an alternative remedy that is better or more effective.

The gravamen of the Defendants' argument against parallel actions is that, in the event they are successful in their state actions, TIG will be required to pay damages through the liability insurance policy and that issues of indemnification may also come into play following resolution of the state actions. The case cited by the Defendants in support of their position--Hartford Fire Insurance Co. v. Autozone, Inc., 312 F.Supp.2d 1037 (W.D. Tenn. 2004)--, in which the court dismissed the federal action, is clearly distinguishable from that before the Court. In Hartford, at the time the declaratory judgment action was filed, the state court action, brought in Texas, had been pending for some time and had already resolved some of the legal relationships at issue. Hartford Fire Ins. Co., 312 F.Supp.2d at 1041. Furthermore, the court found that one or both of the parties

6

had engaged in "procedural fencing." Id. Moreover, factual issues surrounding the liability of the insured, including negligence, were determinative of the duties owed the insured by the insurer under the policy. Id. at 1042. The federal court determined that, because the Texas court had granted partial summary judgment on the negligence issue, a determination of facts in the declaratory judgment action relating to that issue could result in improper encroachment on the jurisdiction of the state court. Id. at 1042-43. In addition, the declaratory judgment action would have required, in part, an interpretation of Texas law, with which the Texas court was clearly more familiar. Id. at 1043. In rendering its decision, the Hartford court distinguished Northland in short order on the grounds that, unlike Northland, Hartford *was* a party to the state action pending in Texas. Id. at 1042. Upon review, the Court finds that the case before it is much more akin to Northland than Hartford. Based on the Court's determination that all four factors articulated by the Sixth Circuit weigh in favor of the Plaintiff, the Defendants' motion to dismiss this matter is DENIED.

IT IS SO ORDERED this ___ day of August, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:04-CV-02666 was distributed by fax, mail, or direct printing on August 4, 2005 to the parties listed.

---

Jerry Stokes
LAW OFFICE OF JERRY STOKES
100 N. Main St.
Ste. 2601
Memphis, TN 38103

Walter L. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Craig V. Morton
MORTON & GERMANY
200 Jefferson Ave.
Ste. 725
Memphis, TN 38103

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

James F. Horner
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Valerie T. Corder
LAW OFFICE OF VALERIE T. CORDER
200 Jefferson
Ste. 725
Memphis, TN 38103

Beth Brooks
BROOKS LAW FIRM
119 Racine
Memphis, TN 38111--089

Rex L. Brasher
BROWN BRASHER & SMITH
5100 Poplar Avenue
Ste. 2515
Memphis, TN 38137

Honorable J. Breen
US DISTRICT COURT