IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 13 PM 1: 26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TIG INSURANCE COMPANY,

    Plaintiff,

v.

No. 04-2666 B

MERRYLAND CHILDCARE AND
DEVELOPMENT CENTER, INC., et al.,

    Defendants.

---

ORDER DENYING MOTION OF DEFENDANTS MERRYLAND CHILDCARE
AND DEVELOPMENT CENTER, INC. AND TAYLOR TO DISMISS AND TO
EXTEND SCHEDULING ORDER

---

This diversity action for declaratory judgment was brought by the Plaintiff, TIG Insurance

Company ("TIG"), for a determination of its rights and obligations under an insurance policy issued

to the Defendant, Merryland Childcare and Development Center, Inc. a/k/a Merryland Kindergarten,

Inc. a/k/a Merryland Kindergarten and Day Care Center, Inc. ("Merryland"), with respect to nine

lawsuits and six claims filed against the insured, alleging the sexual abuse of minor children in the

care of Merryland. Also named in the action are various employees of Merryland, the parents and/or

guardians of the minor children and Capitol Indemnity Corporation ("Capitol") which, it has been

alleged, was the provider of sexual abuse and molestation insurance to Merryland prior to inception

of the TIG policy period.

Before the Court is the motion of Defendants Merryland and Tony Taylor (collectively

referred to herein as the "Defendants"), which focuses on Defendant Capitol. According to the

complaint, Capitol "is an insurance company doing business and providing insurance coverage in

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on _9-13-05_



the state of Tennessee." (Compl. at ¶ 23.) It is the contention of the Defendants in this vague and poorly crafted motion that "[t]he Court should rule that the defendant, Capital [sic] Indemnity Corporation, is NOT a real party-defendant in an action for Declaratory Judgment and therefore should be deemed as a citizen of the State in which the insured is a citizen and dismiss this Complaint for failure of Diversity jurisdiction." (Mem. in Supp. of the Mot. to Dismiss Due to Lack of Juris. and to Extend Rule 16 Scheduling Order at (unnumbered) 4.)

Diversity jurisdiction is permitted under 28 U.S.C. § 1332(a)(1), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between citizens of different states." "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 664 (6th Cir. 2004), reh'g en banc denied (Aug. 27, 2004) (citing Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)).

> Subsection (c) of the diversity statute provides that
>
> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).

In its response to the motion, TIG avers that Capitol is a Wisconsin corporation with its principal place of business in that state. TIG, on the other hand, is a California corporation with its principal place of business in Texas. Therefore, it is clear TIG and Capitol are diverse parties and

2

the Defendants offer no facts or case law supporting a conclusion to the contrary. Indeed, it appears to the Court that the Defendants are attempting to argue that Capitol falls under the exception set forth in the latter part of subsection (c), based upon the fact that the language of the argument somewhat tracks that of the statutory provision. However, pursuant to the plain language of the statute, there must be a "direct action against the insurer of a policy or contract of liability insurance" in order to trigger application of the exception. Clearly, that is not the case here and the Defendants have presented no basis whatever for their position.

Finally, the Defendants contend in conclusory fashion that "[j]udicial economy will be further by dismissing this Complaint." (Mot. to Dismiss Due to Lack of Juris. or Other and Mot. for Extending Scheduling Order at (unnumbered) 2.) No other mention of judicial economy is made in the Defendants' motion papers. Therefore, the Court will not consider the assertion, as it is the movant's responsibility to fashion an argument supporting the relief sought. Accordingly, the motion is not well-taken and is DENIED. Further, the Defendants' conclusory request for an extension of the scheduling order, for which they give no elaboration or explanation whatsoever, is also DENIED.

IT IS SO ORDERED this 13ᵗʰ day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 55 in case 2:04-CV-02666 was distributed by fax, mail, or direct printing on September 13, 2005 to the parties listed.

---

Jerry Stokes
LAW OFFICE OF JERRY STOKES
100 N. Main St.
Ste. 2601
Memphis, TN 38103

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

James F. Horner
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Walter L. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Jeffrey A. Goldwater
BOLLINGER RUBERRY & GARVEY
500 West Madison Street
Ste. 2300
Chicago, IL 60661

Craig V. Morton
MORTON & GERMANY
200 Jefferson Ave.
Ste. 725
Memphis, TN 38103

Diane Karp Ehrhart
BOLLINGER RUBERRY & GARVEY
500 West Madison Street
Ste. 2300
Chicago, IL 60661--251

Valerie T. Corder
LAW OFFICE OF VALERIE T. CORDER
200 Jefferson
Ste. 725
Memphis, TN 38103

Beth Brooks
BROOKS LAW FIRM
119 Racine
Memphis, TN 38111--089

Rex L. Brasher
BROWN BRASHER & SMITH
5100 Poplar Avenue
Ste. 2515
Memphis, TN 38137

Honorable J. Breen
US DISTRICT COURT