IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

TIG INSURANCE COMPANY,

    Plaintiff,

v.                                    No. 04-2666 B

MERRYLAND CHILDCARE AND
DEVELOPMENT CENTER, INC., et al.,

    Defendants.

---

ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S ORDER
AND AFFIRMING ORDER GRANTING PLAINTIFF'S MOTIONS TO
COMPEL PRODUCTION OF DOCUMENTS AND TO HAVE REQUESTS
FOR ADMISSIONS DEEMED ADMITTED

---

On October 26, 2005, Magistrate Judge Diane Vescovo entered a order granting the October 3, 2005 motions of the Plaintiff, TIG Insurance Co. ("TIG"), to compel production of documents from the Defendant, Merryland Childcare & Development Center, Inc. ("Merryland"), and to have the Plaintiff's requests for admission deemed admitted by Merryland. The motions were granted on the basis that Merryland had failed to respond thereto within the time permitted under the Local Rules of this district.[1] Defendants Merryland and Tony Taylor have filed a timely appeal of the order, to which TIG has responded.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, upon the filing of objections, the district court judge is to "consider such objections and . . . modify or set aside any portion of the

---

[1] Under the Local Rules of this district, responses to non-dispositive motions "shall be filed within fifteen days after service of the motion . . ." LR7.2, Local Rules of the U.S. Dist. Ct. for the W. Dist. of Tenn. "Failure to respond timely to any motion . . . may be deemed good grounds for granting the motion." Id.

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 12-8-05

(67)

magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." U.S. v. U.S. Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed 746 (1948).

The motions ruled on by the magistrate judge reflect in their certificates of service that they were served on the Plaintiffs on October 3, 2005. In their appeal, the Plaintiffs do not deny timely service of the motions at issue,[2] arguing instead that their response was not due under October 27, 2005, two days after the magistrate judge rendered her decision. Allowing 15 days for response plus three days for mailing would, however, have made the Defendants' response to TIG's motions due on October 21, 2005. As no response was filed by that date (indeed, no response was filed at all), the undersigned cannot find that the magistrate judge's conclusion was clearly erroneous or contrary to law. Thus, the appeal is DENIED and the order of the magistrate judge is AFFIRMED.

---

[2]The Defendants instead make the rather vague claim that "[a] letter from Attorney Greg O'Neal, dated October 5, 2005 purporting to have been mailed to the Defendants on the same date was actually received on October 12, 2005 . . .; He [sic] sent a packet a few days earlier and these were all clipped together[.]" (App. of Magistrate's Order Granting Pl.'s Mots. to Compel Prod. of Docs. and to Have Reqs. for Admissions Deemed Admitted at 1.) The letter referred to by the Defendants has nothing, however, to do with the motions; but is a cover letter for TIG's Second Requests for Admissions to the Defendant Merryland. See App. of Magistrate's Order Granting Pl.'s Mots. to Compel Prod. of Docs. and to Have Reqs. for Admissions Deemed Admitted, Ex. A. It is unclear whether the "packet a few days earlier" included the motions. What is important in considering the instant appeal is not what the Defendants argue, but what they do not. That is, they have made no allegation that service of the motions did not occur according to the certificates of service.

2

IT IS SO ORDERED this 8th day of December, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 67 in case 2:04-CV-02666 was distributed by fax, mail, or direct printing on December 8, 2005 to the parties listed.

---

James F. Horner
GLASSMAN EDWARDS WADE & WYATT, P.C.
26 N. Second Street
Memphis, TN 38103

Diane Karp Ehrhart
BOLLINGER RUBERRY & GARVEY
500 West Madison Street
Ste. 2300
Chicago, IL 60661--251

Beth Brooks
BROOKS LAW FIRM
119 Racine
Memphis, TN 38111--089

Jeffrey A. Goldwater
BOLLINGER RUBERRY & GARVEY
500 West Madison Street
Ste. 2300
Chicago, IL 60661

Gregory W. O'Neal
BRATTON & O'NEAL
675 Oakleaf Office Ln.
Ste. 200
Memphis, TN 38117

Walter L. Bailey
WALTER BAILEY & ASSOCIATES
100 North Main St.
Ste. 3002
Memphis, TN 38103

Craig V. Morton
MORTON & GERMANY
200 Jefferson Ave.
Ste. 725
Memphis, TN 38103

Rex L. Brasher
BROWN BRASHER & SMITH
5100 Poplar Avenue
Ste. 2515
Memphis, TN 38137

Valerie T. Corder
LAW OFFICE OF VALERIE T. CORDER
200 Jefferson
Ste. 725
Memphis, TN 38103

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Jerry Stokes
LAW OFFICE OF JERRY STOKES
100 N. Main St.
Ste. 2601
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT